836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph K. VANLANDINGHAM, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 87-1604.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1987.
Decided Jan. 4, 1988.
 
 Charles Richard Davis for appellant.
 Linda E. Mosakowski, United States Department of Justice, Tax Division (Michael C. Durney, Acting Assistant Attorney General, Michael L. Paup, Gilbert S. Rothenberg on brief) for appellee.
 Before ERVIN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Ralph K. Vanlandingham appeals from a deficiency order entered by the Tax Court. We affirm.
 
 
 2
 Vanlandingham sold his interest in an accounting partnership to his partner, Robert Braun, in 1976 for $250,000. The sales agreement provided that $50,000 was payable immediately while the other $200,000 would be paid over fifteen years. The agreement stated that $200,000 would be treated as ordinary income by Vanlandingham and an ordinary expense deduction by Braun, and it also included a covenant by Vanlandingham not to compete for five years.
 
 
 3
 A subsequent agreement in 1980 between Vanlandingham, Braun, and Braun's father-in-law superseded the original agreement. Two payments totaling $75,000 from the father-in-law replaced the unpaid balance of $160,000 from the initial agreement, and it released Vanlandingham from the noncompetition agreement. It also stated that Vanlandingham would treat the $75,000 as capital gains, which he did.
 
 
 4
 The Internal Revenue Service disputed this treatment and issued a notice of deficiency. The Tax Court tried the case based on a fully stipulated record, and the sole issue at trial was the appropriate tax treatment of the $75,000. The court determined that it was ordinary income and issued a deficiency order. Vanlandingham appeals.
 
 
 5
 The Tax Court reviewed the evidence considering the intent of the parties and the economic realities of the transaction. Based on those considerations, it determined that the $200,000 was meant to be allocated to the noncompetition agreement and that this intent reflected the economic realities faced by Braun and Vanlandingham in their negotiations. The court therefore concluded that the $200,000 was ordinary income, and the $75,000 paid in lieu of it was the same.
 
 
 6
 We affirm the Tax Court's decision on the basis of the opinion below[1] and our previous decision in General Ins. Agency v. Commissioner, 401 F.2d 324 (4th Cir.1968). The decision of the Tax Court is
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 We do not necessarily endorse, however, the Tax Court's application of the strong proof rule, or its reliance on the failure to expressly reference "good will" in the sales agreement